IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KENNETH A. BATTLE,      )
)
    Plaintiff,      )
)
       v.      )     Case No. 1:21CV692
)
MERCEDES T. FORDHAM, et al.,      )
)
    Defendants,      )
)
)
)

<u>RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u>

This prisoner civil rights action filed under 42 U.S.C. § 1983 comes before the Court *sua sponte* on Plaintiff's failure to comply with this Court's Order and Recommendation [Doc. #36] of August 23, 2023. In that Order and Recommendation, the Court recommended that the claims against Defendants Andrufski, Dennis, Fordham, Hooks, Robinson, and Williams be dismissed with prejudice and ordered Plaintiff to obtain service and file a letter within 30 days showing good cause for the failure to serve Defendants Leach, Moua, Steinour, Tupper, and Watson. The Court cautioned Plaintiff that if he did not obtain service and file a letter showing good cause within 30 days, the claims against those unserved Defendants would be dismissed without prejudice. The Court's Order and Recommendation was mailed to Plaintiff on August 24, 2023. More than 60 days have passed since the Court's August 23, 2023, Order and Recommendation. Plaintiff has not filed a letter or otherwise responded showing that he has obtained service on the unserved Defendants. Therefore, in accordance with the Court's

prior Order and Recommendation, the Court recommends that the claims against Defendants Leach, Moua, Steinour, Tupper, and Watson be dismissed without prejudice.

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629-32 (1962) (noting that federal courts have the inherent power to dismiss an action for failure to prosecute either *sua sponte* or on the motion of a party). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629-30. In considering whether to impose such a dismissal, the Court should consider "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal." Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (internal quotation omitted); see also Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (upholding dismissal of *pro se* plaintiff's claims, and noting that *pro se* litigants, like other litigants, "are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible").

In the present case, this action cannot move forward given Plaintiff's failure to comply with the Court's Order, failure to prosecute this matter, and failure to serve the remaining Defendants. The Court also notes that, despite requesting and being granted an extension of time in which to respond to the Motion for Summary Judgment [Doc. #35], Plaintiff never responded to the Motion to Summary Judgment, and has not filed any Objections to the

Recommendation. Plaintiff's most recent failure to comply with the Court's August 23, 2023, Order is thus part of an ongoing pattern in failing to participate in or prosecute this case, even after being given multiple warnings [Doc. #31, #36, #37]. In the circumstances, and given that the Court has already recommended dismissal of similar claims against the other Defendants, the Court recommends that the claims against Defendants Leach, Moua, Steinour, Tupper, and Watson also be dismissed. Having resolved all of the claims, this case should be dismissed.

IT IS THEREFORE RECOMMENDED that the claims against Defendants Leach, Moua, Steinour, Tupper, and Watson be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b), and that the claims against Defendants Andrufski, Dennis, Fordham, Hooks, Robinson, and Williams be dismissed with prejudice based on the prior Recommendation [Doc. #36], and that this case be dismissed.

This, the 1st day of November, 2023.

_____/s/ Joi Elizabeth Peake_____
United States Magistrate Judge